UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER AUSTIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:22-cv-00245-NT |
| | ) |
| NICOLE MCLEOD, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Having granted Austin's application to proceed *in forma pauperis*, *see* ECF No. 6, his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I recommend that the Court dismiss Austin's complaint.

**I. Legal Standard**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In his complaint, Austin challenges a state court child support order and actions taken by Nicole McLeod, an agent for the Maine Department of Health and Human Services, to enforce the order. *See* Complaint (ECF No. 1) at 2-8, 10-15; Exh. D (ECF No. 1-4) at 2.[1] Austin asserts that McLeod's enforcement of the order, which he claims is invalid, contravened federal law and violated his constitutional rights. *See generally* Complaint. He seeks relief in the form of monetary damages as well as an injunction requiring McLeod to prove the existence of a valid contract

---

[1] Austin filed additional pages that were meant to be included with his complaint, *see* ECF No. 7, which I have also reviewed.

2

obligating him to pay child support, and then to cease pursuing such payments. *See id.* at 6-8, 85-86.

### III. Discussion

As a threshold matter, Austin's complaint should be dismissed because it rehashes claims that this Court has previously dismissed. Indeed, Austin filed a similar complaint against McLeod and others back in 2018, which this Court dismissed for failing to state a claim. *See Austin v. Hamilton*, No. 2:18-cv-00285-GZS, 2018 WL 4358266 (D. Me. Sept. 13, 2018) (rec. dec.), *aff'd*, 2018 WL 4567703 (D. Me. Sept. 24, 2018). In such circumstances, Austin's largely identical claims are barred by res judicata. *See Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." (cleaned up)); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (noting that a dismissal for failing to state a claim is a judgment on the merits); *Arizona v. California*, 530 U.S. 392, 412 (2000) ("If a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte . . . ." (cleaned up)).

To the extent Austin's current complaint raises claims not barred by res judicata, it should still be dismissed because his suit challenging a state court child support order and the enforcement of that order is precluded by the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine. *See Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) ("The *Rooker-Feldman* doctrine bars jurisdiction . . .

3

where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." (cleaned up)); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) ("Abstention [under the *Younger* abstention doctrine] is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."); *Brochu v. Foley*, No. 21-cv-384-JD, 2021 WL 2109659, at *2-4 (D.N.H. May 25, 2021) (dismissing, under the *Rooker-Feldman* and *Younger* abstention doctrines, a plaintiff's suit challenging a state court child support order because the relief sought would effectively overturn the state court order and/or interfere with ongoing child support enforcement proceedings); *Gray-Bey v. 42 U.S. Code 645(3) Mass. Dep't of Revenue Child Support Enforceme[n]t Div.*, No. 20-12042-DJC, 2021 WL 8323638, at *4 (D. Mass. Mar. 17, 2021) ("Child support matters and issues surrounding the enforcement of child support . . . would be precluded under one or both of [the *Rooker-Feldman* and *Younger* abstention] doctrines.").

Finally, because this is Austin's third unsuccessful attempt to bring such claims in this Court, *see Austin v. Stavros*, No. 2:18-cv-00247-GZS, 2018 WL 3105779 (D. Me. June 25, 2018) (rec. dec.), *aff'd*, 2018 WL 3352640 (D. Me. July 9, 2018); *Austin*, 2018 WL 4358266, he should be warned in accordance with *Cok v. Family*

4

*Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993), that further groundless filings could result in the imposition of filing restrictions.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Austin's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and warn him that filing restrictions may be in the offing.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: October 18, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge